CROWELL LAW
Carl D. Crowell, OSB No. 982049
email: carl@crowell-law.com
Drew P. Taylor, OSB No. 135974
email: drew@crowell-law.com
P.O. Box 923
Salem, OR 97308
(503) 581-1240
Of attorneys for plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **ELARGO HOLDINGS, LLC,** <br><br> Plaintiff, <br><br> v. <br><br> **DOE-75.150.47.246, DOE-71.59.251.15, DOE-50.141.99.3, DOE-76.115.199.19, DOE-50.141.98.146, DOE-173.164.86.180, DOE-50.141.97.27, DOE-73.164.186.44, and DOE-67.170.150.233,** <br><br> Defendants. | Case No.:3:16-cv-00431 <br><br> COMPLAINT <br><br> COPYRIGHT INFRINGEMENT <br><br> DEMAND FOR JURY TRIAL |

COMPLAINT

Plaintiff ELargo Holdings, LLC, ("ELargo"), complains and alleges as follows:

NATURE OF THE ACTION

1. This is a civil action for copyright infringement of federally registered copyrights in violation of the Copyright Act of 1976, 17 U.S.C. §§ 101 et seq. (the "Copyright Act"). Plaintiff seeks injunctive relief, statutory damages, attorney's fees and costs, and such other relief as the Court deems proper.

COMPLAINT                                                                                               Page 1 of 12

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a) as the defendant is believed to reside in this district.

## PARTIES

### PLAINTIFF

3. Plaintiff ELargo is a limited liability company with principal offices in Los Angeles, California.

4. ELargo is owned by Bleiberg Entertainment, LLC, a production company with a notable catalog of major motion pictures. (www.bleibergent.com)

### The Rights of ELargo

5. *Close Range* is a major motion picture released in 2015 about a soldier taking on a drug cartel to protect his family.

6. *Close Range* has been registered with the United States Copyright Office by the owner, ELargo, Registration No. PAu 3-754-870, Dec. 16, 2014).

7. Under The Copyright Act, ELargo is the proprietor of all copyrights and interests needed to bring suit.

8. The motion picture contains original material that is copyrightable subject matter under the laws of the United States.

9. The motion picture is currently offered for sale in commerce.

10. Defendants had notice of plaintiff's rights through general publication and advertising and more specifically as identified in the content of the motion picture, advertising associated with the motion picture, and packaging and copies, each of which bore a proper copyright notice.

11. ELargo comes to court seeking relief as the motion picture *Close Range* is the subject of significant piracy and has been illegally downloaded and distributed hundreds of thousands of times worldwide with many of confirmed instances of infringing activity traced to the State of Oregon.

## THE DEFENDANTS

12. The defendants identified herein as Doe-75.150.47.246, Doe-71.59.251.15, Doe-50.141.99.3, Doe-76.115.199.19, Doe-50.141.98.146, Doe-173.164.86.180, Doe-50.141.97.27, Doe-73.164.186.44, and Doe-67.170.150.233 are currently known only by their Internet Protocol ("IP") addresses which were each observed by plaintiff's investigators, Maverickeye, as distributing plainitff's motion picture.

13. Through geolocation, the IP address used by each defendant has been traced to the State of Oregon and this judicial district.

14. The defendants' IP addresses have each been observed and confirmed as distributing plaintiff's motion picture with the defendants combined observed distributing the motion picture hundreds of times. The defendants are not mere viewers of the motion picture, but also parties that maintained the motion picture in a manner to facilitate further distribution and infringing activity by others.

15. While the defendants have been observed distributing plaintiff's motion picture multiple times over many days, plaintiff discloses the following specific observed instances of distribution:

| Doe | IP Address Used | Date and Time (UTC) | Motion Picture |
|---|---|---|---|
| Doe-75.150.47.246 | 75.150.47.246 | 2016-02-23 05:57:36 | Close Range (2015) |
| Doe-71.59.251.15 | 71.59.251.15 | 2016-01-31 04:10:57 | Close Range (2015) |
| Doe-50.141.99.3 | 50.141.99.3 | 2016-03-08 05:26:55 | Close Range (2015) |
| Doe-76.115.199.19 | 76.115.199.19 | 2016-02-04 09:12:26 | Close Range (2015) |
| Doe-50.141.98.146 | 50.141.98.146 | 2016-01-31 13:54:56 | Close Range (2015) |
| Doe-173.164.86.180 | 173.164.86.180 | 2016-03-07 17:16:41 | Close Range (2015) |
| Doe-50.141.97.27 | 50.141.97.27 | 2016-02-04 17:20:52 | Close Range (2015) |
| Doe-73.164.186.44 | 73.164.186.44 | 2016-02-28 08:01:02 | Close Range (2015) |
| Doe-67.170.150.233 | 67.170.150.233 | 2016-01-31 00:45:02 | Close Range (2015) |

16. The defendants' IP addresses have also been observed as associated with the peer-to-peer exchange of a large number of other copyrighted titles through the BitTorrent network with over 8,000 copyrighted titles associated with these IP addresses alone. As such the defendants' conduct is clearly willful and persistent.

17. The volume and titles of the activity associated with each defendant's IP address indicates that the defendants are likely the primary subscribers of the IP addresses or someone who resides with the subscribers as such activity indicates each defendant is an authorized user of the IP address with consistent and permissive access.

18. The volume of the activity associated with each defendant's IP address indicates that anyone actively using or observing activity on the IP address would likely be aware of the conduct of the defendant.

19. The volume and titles of the activity associated with each defendant's IP address indicates that the defendants are not young children.

20. The defendants' IP addresses were at that time of observed infringement managed by Internet Service Provider ("ISP") Comcast, who on information and belief, generally assigns an IP address to a single party for extended periods of time, often for months and provides Wi-Fi systems with notable pre-installed security and passwords.

21. Comcast provides notices and information to its customers about the importance of security, informing them that they are each responsible for the activity associated with their account and cautioning subscribers against allowing third party or non-authorized access.

22. The records maintained by Comcast should be able to identify either each defendant, or the subscriber who contracted with Comcast for service who in turn is likely to have knowledge that will lead to the identity of the defendants.

23. Plaintiff intends to seek discovery, including leave to subpoena records from Comcast to ascertain the true identity of the defendants.

## BACKGROUND

### PEER-TO-PEER INTERNET PIRACY

*Operation*

24. BitTorrent, also known as peer-to-peer file sharing, has become one of the most common systems for users to illegally dispense huge amounts of data, including motion pictures, in digital format.

25. The BitTorrent protocol enables computers to exchange large files (such as motion pictures) without creating a heavy workload for any individual source/computer. It allows users to interact directly with each other to: (1) make files stored on a user's computer (e.g., motion pictures) available for copying by other users; (2) search for files stored on other computers; and (3) transfer exact copies of files from one computer to another over the Internet.

26. The use of BitTorrent requires multiple intentional acts. A user must load specific software, use the software to join the network, search for a file, and then select the file they wish to download. As each user or peer joins the network and requests a copy of a file, they form a

type of social contract to not only download the file, but to be a part of the network to allow the file to be downloaded by others. Each new peer requesting the file receives pieces of the data from each peer who already has downloaded the file, and then in turn makes that content available to others.

27.	Since the BitTorrent protocol also generally limits a peer's ability to download unless he or she also uploads or shares, there is substantial incentive for each peer to remain online and continue to make files available for other peers to download because this will maximize his or her download speed and access to content.

28.	Each defendant in this action has been observed as persistently making plaintiff's motion picture available to others in furtherance of the BitTorrent network.

*The Business of Piracy*

29.	Internet piracy, and in particular BitTorrent piracy, though known as peer-to-peer file sharing, is often a for-profit business as many software clients, torrent sites and networks generate millions of dollars in revenue through sales and advertising.

30.	To increase the value of the advertising and sometimes subscription access sold by torrent sites, many parties work to expand the pool of available titles and speed of downloads available by increasing the number of member peers and thus the desirability of their clients and networks.  To accomplish this they often reward participants who contribute by giving them faster download speeds, greater access, or other benefits.

31.	Defendants' participation in the BitTorrent exchange of plaintiff's motion picture is the type of activity that torrent sites use to promote their business and likely directly furthered the for-profit business of at least one torrent site.

32. Many parties, and possibly defendants have been compensated for their participation in expanding the availability of pirated content to others through BitTorrent networks, including plaintiff's movie, even if only through being granted greater access to other pirated content.

33. The use of BitTorrent does more than cause harm through the simple theft of intellectual property. The BitTorrent distribution of pirated files is a model of business that profits from theft through sales and advertising and provides a system of rewards and compensation to the participants, each of whom contribute to and further the enterprise.

34. Based on activity observed associated with defendants' IP addresses, defendants are prolific proponents of the BitTorrent distribution system advancing the BitTorrent economy of piracy.

*Harm to Plaintiff and Others*

35. Digital piracy, including BitTorrent piracy, costs the entertainment industry over $80 billion per year.

36. As noted by Senator Levin in Congressional hearings on peer-to-peer Internet piracy, "In the world of copyright law, taking someone's intellectual property is a serious offense, punishable by large fines. In the real world, violations of copyright law over the Internet are so widespread and easy to accomplish that many participants seem to consider it equivalent to jaywalking – illegal but no big deal. But it is a big deal. Under U.S. law, stealing intellectual property is just that – stealing. It hurts artists, the music industry, the movie industry, and others involved in creative work. And it is unfortunate that the software being used – called 'file sharing' as if it were simply enabling friends to share recipes, is helping create a generation of Americans who don't see the harm."

37. In 2013, in recognition of the growing problems and challenges with counterfeiting and piracy, The Oregon House of Representatives passed House Memorial 2, which made the following findings:

> Whereas the United States and other nations share the challenge of combating intellectual piracy and the counterfeiting of intellectual property such as … films… and technologies that affect the quality of life; and
> Whereas intellectual piracy and counterfeiting have a significant impact on Oregon's economy, and the economies of other states and of nations around the world, which results in job and earnings losses, reduced tax revenues and increased threats to public health and safety; and
> …
> Whereas protecting and enforcing intellectual property rights is crucial to the future of our innovation-based economy; and
> Whereas industries that use intellectual property extensively generate nearly $7.7 trillion in gross output and account for more than 60 percent of total exports from our nation; and
> Whereas industries that use intellectual property extensively … employ more than 19 million Americans, whose salaries average about 60 percent higher than salaries in industries that do not make extensive use of intellectual property; and
> Whereas intellectual property infringement can undermine the nation's economic security; and
> Whereas violations of intellectual property rights, ambiguities in the law and a lack of enforcement create uncertainty in the marketplace and in the legal system and undermine consumer trust; and
> Whereas intellectual property, including trademarks, [are] essential …; and
> …
> Whereas failing to adequately protect and enforce intellectual property rights will increase counterfeiting and illicit trade;
> …

38. The impact of piracy is far greater than the mere loss of a single sale or loss due to the distribution of one copy of a motion picture. Piracy undermines the economy, job base, and tax base on which our citizens rely and promotes a general disregard for the respect of rights of others.

39. As such it is clear that giving effect to 17 U.S.C. §§ 101 et seq., and the enforcement of intellectual property rights, and in particular the fight against counterfeiting and piracy are critical issues of importance to the both the United States of America and the State of Oregon.

## JOINDER

40. Plaintiff acknowledges that joinder in this action under FRCP 20(a)(2) is permissive in that plaintiff's claims arise out of the same occurrences or transactions, or series of occurrences or transactions and that there are questions of law and fact common to each of the defendants.

41. All the defendants have collectively acted through the willful and intentional use of BitTorrent with the express purpose of committing intellectual property theft and damaging plaintiff.

42. All of the defendants have collectively acted with notice that their individual and collective conduct facilitated intellectual property theft being committed by others.

43. Each of the defendants willfully joined in the collective conspiracy of using BitTorrent for an illegal purpose and willfully acted to cause harm to plaintiff and to assist others in causing harm to plaintiff through their use of and support of the BitTorrent distribution of motion pictures.

44. Each of the defendants in a willful act of cooperation distributed plaintiff's motion picture to others.

45. The plaintiff's rights to relief, as stated below, ultimately arise out of the same series of related transactions and occurrences.

46. This action also raises substantial questions of law and fact common to all defendants.

47. Permissive joinder in the instant case is to permit a more efficient management of the claims of plaintiff against the several defendants and to reduce the costs to plaintiff and defendants and to reduce the costs and burdens on the Court.

48.     Notice is provided, that on being specifically identified and on request from an identified defendant, plaintiff agrees to sever any defendant that claims prejudice in being joined in this matter and proceed against each such defendant individually.

49.     Plaintiff intends to provide updates to the court on the status of this action and the status of each defendant on a regular basis.

## CAUSE OF ACTION

(Federal Copyright Infringement)

50.     Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs.

51.     Defendants, without the permission or consent of ELargo, copied and distributed plaintiff's motion picture through a public BitTorrent network.

52.     Defendants' actions infringed ELargo's exclusive rights under The Copyright Act.

53.     The conduct of each of the defendants has been willful, intentional, in disregard of and indifferent to ELargo's rights with the intent to cause ELargo harm.

54.     As a direct and proximate result of the defendants' conduct, ELargo's exclusive rights under 17 U.S.C. § 106 have been violated.

55.     ELargo is entitled to damages pursuant to 17 U.S.C. § 504 and attorney fees and costs pursuant to 17 U.S.C. § 505.

56.     The conduct of the defendants is causing and, unless enjoined and restrained by this Court, will continue to cause plaintiff great and irreparable injury.

57.     Pursuant to 17 U.S.C. §§ 502 and 503, ELargo is entitled to injunctive relief prohibiting the defendants from further contributing to the infringement of ELargo's copyrights, the

economy of piracy, and ordering that defendants destroy all copies of the motion picture made in violation of ELargo's rights.

PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against each of the defendants as follows:

A. For entry of permanent injunction enjoining the defendants from direct, indirect or contributory infringement of plaintiff's rights, including without limitation by using the internet to reproduce or copy plaintiff's motion picture, to distribute plaintiff's motion picture, or to make plaintiff's motion picture available for distribution to the public, except pursuant to a lawful license or with the express authority of plaintiff. And further directing defendant to destroy all unauthorized copies of plaintiff's motion picture;

B. For entry of permanent injunction enjoining the defendants from supporting the BitTorrent economy of piracy by enjoining the defendants from direct, indirect or contributory infringing file sharing in violation of U.S. copyright law.

C. Statutory damages pursuant to 17 U.S.C. § 504.

D. For plaintiff's reasonable costs and attorney fees pursuant to 17 U.S.C. § 505; and

E. For such other and further relief as the Court deems proper.

///

///

DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury.

DATED: March 9, 2016.

                Respectfully submitted,

                CROWELL LAW

                */s/ Carl D. Crowell*
                Carl D. Crowell, OSB No. 982049
                carl@crowell-law.com
                Drew P. Taylor, OSB No. 135974
                drew@crowell-law.com
                503-581-1240
                Of attorneys for the plaintiff

COMPLAINT                                   Page 12 of 12

CROWELL LAW
WWW.CROWELL-LAW.COM